IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ELSEY and ROSANNA ELSEY, on behalf of themselves and a class, <br><br> Plaintiffs, <br><br> vs. <br><br> PIERCE & ASSOCIATES, P.C., <br><br> Defendant. | ```<br>FILED: MAY 5, 2008<br>08CV2538 NF<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE BROWN<br>``` |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against the imposition of bogus and misrepresented fees in connection with mortgage foreclosure proceedings. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant is located here.

1

## PARTIES

4. Plaintiffs reside in and own a single family home at 1407 42nd Street, Rock Island, Illinois 61201.

5. Defendant Pierce & Associates, P.C. is a law firm organized as an Illinois professional corporation with offices at One North Dearborn Street, Chicago, Illinois.

6. The practice of defendant Pierce & Associates, P.C. consists of the collection of debts allegedly owed by consumers to others, mainly residential mortgage loans.

7. Pierce & Associates, P.C. files foreclosure actions at the rate of more than 100 per month.

8. Defendant Pierce & Associates, P.C. is a "debt collector" as defined in the FDCPA.

## FACTS

9. On December 12, 2007, Pierce & Associates, P.C. filed a foreclosure lawsuit against plaintiff in Rock Island, Illinois, entitled "HSBC Bank USA, N.A., as trustee v. Christopher E. Elsey and Rosanna S. Elsey," 07 CH 550.

10. The case is still pending and no judgment was entered.

11. The foreclosure lawsuit sought to collect a debt secured by plaintiffs' principal residence and incurred for personal, family or household purposes and not for business purposes.

12. On or about February 11, 2008, an "attorney affidavit" was filed listing service costs at $150. The "attorney affidavit" was signed by one Susan D. Kozlowski, who

identified herself as attorney for the plaintiff. She is in fact an associate at Pierce & Associates, P.C. A copy of the "attorney affidavit" is attached as <u>Exhibit A</u>.

13. The "attorney affidavit" states that "service of summons" was $150.00.

14. The "attorney affidavit" is a template document, prepared by inserting names, dates and numbers into a template.

15. The "Service of Summons" is part of the template.

16. No public official or private process server received or is owed $150 for services in connection with the foreclosure lawsuit.

17. Illinois Supreme Court Rule 101(d) requires that the officer or other person to whom a summons is given for service return it with "indorsement of service and fees".

18. The summonses in the foreclosure lawsuit were served by Russwurm Services, Ltd., d/b/a DocumentServe Express, a licensed Illinois private investigation service.

19. On information and belief no amount was indorsed on the summonses served.

20. The $150 actually represents the amount of a bill from Provest LLC.

21. Provest LLC describes itself (www.provest.us) as a "process server management company" that "[s]pecializ[es] in loss mitigation, location of mortgage borrowers and foreclosure support" and is a member of the Mortgage Bankers Association, American Legal & Financial Network, and United States Foreclosure Network.

22. The number inserted in the "attorney affidavits" filed by defendant frequently includes the fees of Provest and other companies engaged in similar businesses, and which do not represent fees for the actual service of process by the person or persons engaged in

such service.

23.     The fees of a company such as Provest are not "service of summons" and are not accurately identified in the "attorney affidavit."

24.     Defendant Pierce & Associates, P.C. has regularly caused "attorney affidavits" to be filed in foreclosure proceedings that include as "service of summons" amounts paid to Provest and other companies that do not reflect actual amounts disbursed to persons that serve process.

## COUNT I – FDCPA

25.     Plaintiffs incorporate paragraphs 1-24.

26.     By describing and attempting to collect as court costs sums which are not collectible as such, defendant Pierce & Associates, P.C. violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1):

27.     Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> **(A)    the character, amount, or legal status of any debt; or**
>
> **(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

  **(10)**  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

28.  Section 1692f provides:

**§ 1692f.**  **Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

  **(1)**  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

## CLASS ALLEGATIONS

29.  Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

30.  The class consists of (a) all natural persons (b) from whom Pierce & Associates, P.C. attempted to collect (c) through the filing of an "attorney affidavit" or otherwise (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action (e) "service of summons" (f) which included charges for service of process representing amounts paid to Provest or other persons other than the one that actually served process.

31.  The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

32.  There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class

members. The predominant common questions are:

      a.     Whether defendant engaged in a practice of attempting to collect a court costs amounts charged by Provest and similar companies;

      b.     Whether calling such amounts court costs is a misrepresentation;

      c.     Whether such amounts are unauthorized;

      d.     Whether such practice violates the FDCPA.

33. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Moreover, the essence of the practice complained of is the deception of the consumer, and most consumers will not become aware of the facts.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

      a.     Statutory damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     Such other or further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Joel Deutsch
DEUTSCH & DEUTSCH
1825 - 3rd Ave.
Rock Island, IL 61201
(309) 788-9541
(309) 794-1195 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

                                              s/ Daniel A. Edelman
                                              Daniel A. Edelman

**NOTICE OF LIEN**

        Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

```
08CV2538 NF
JUDGE ZAGEL
MAGISTRATE JUDGE BROWN
```

# EXHIBIT A

IN THE CIRCUIT COURT FOR THE 14TH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY - ROCK ISLAND, ILLINOIS

HSBC BANK USA, NATIONAL ASSOCIATION, AS )
TRUSTEE FOR WFHET 2006-2 )
 )
 )
                              PLAINTIFF ) NO.    07 CH 550
             VS )
 ) JUDGE
CHRISTOPHER E. ELSEY; ROSANNA S. ELSEY; ) Presiding
UNKNOWN OWNERS AND NON RECORD CLAIMANTS )
; )
 )
                              DEFENDANTS )

FILED in the CIRCUIT COURT
of ROCK ISLAND COUNTY
GENERAL DIVISION

FEB 1 1 2008

Clerk of the Circuit Court

## ATTORNEY AFFIDAVIT

I, __SUSAN D. KOZLOWSKI__, attorney for the Plaintiff, duly sworn under oath, state that pursuant to the subject Mortgage, the mortgagors are obligated to pay the following;

| | |
|---|---:|
| Title Costs.............................$ | 500.00 |
| Clerk's Fee.............................$ | 231.00 |
| Service of Summons......................$ | 150.00 |
| Recording Lis Pendens Notice............$ | 43.50 |
| Reasonable Attorneys Fees...............$ | 1,100.00 |
| TOTAL...................$ | 2,024.50 |

IMAGED