## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHRISTOPHER ELSEY and ROSANNA )
ELSEY, on behalf of themselves and a class, )
                                   )
           Plaintiffs,              )     Case No.:  08 CV 2538 NF
                                     )     Judge Zagel
       v.                             )     Magistrate Judge Brown
                                     )
PIERCE & ASSOCIATES, P.C.,         )
                                     )
           Defendant.          )

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Pierce & Associates, P.C., by its attorneys David M. Schultz and

Justin M. Penn, and for its Answer and Affirmative Defenses to the Complaint, states as

follows:

### INTRODUCTION

1.     Plaintiff brings this action to secure redress against the imposition of bogus and misrepresented fees in connection with mortgage foreclosure proceedings. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:   Defendant admits that plaintiff's Complaint purports to state**

**class action claims for purported violations of the FDCPA.  Defendant specifically**

**denies that any such violation has occurred as alleged in the Complaint, denies that a**

**class exists or should be certified, and denies that the plaintiff or putative class is**

entitled to any damages, statutory or otherwise.  Defendant denies the remaining

allegations accurately characterize the nature and prohibitions of the FDCPA.

<u>JURISDICTION AND VENUE</u>

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §
1692k (FDCPA).


**ANSWER:    Defendant admits that jurisdiction is proper for all properly pled**

**causes of action arising under the FDCPA, but denies that this case involves**

**interstate commerce.**


3.    Venue and personal jurisdiction over defendant in this District is proper
because defendant is located here.


**ANSWER:    Defendant admits that venue and personal jurisdiction are**

**proper.**


4.    Plaintiffs reside in and own a single family home at 1407 42nd Street, Rock
Island, Illinois 61201.


**ANSWER:    Defendant admits that the address in this paragraph is the last**

**known address it has for the plaintiff.  Defendant denies the remaining allegations**

**this paragraph.**


5.    Defendant Pierce & Associates, P.C. is a law firm organized as an Illinois
professional corporation with offices at One North Dearborn Street, Chicago, Illinois.

6330111v1 7048395

**ANSWER:**    **Defendant admits the allegations contained in this paragraph.**

6.    The practice of defendant Pierce & Associates, P.C. consists of the collection of debts allegedly owed by consumers to others, mainly residential mortgage loans.

**ANSWER:**    **Defendant denies that the allegations contained in this paragraph accurately characterize the nature and scope of the defendant's practice.  Defendant admits that its practice involves the filing of mortgage foreclosures, many of which are residential in nature.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the plaintiff's debt for which foreclosure was sought was a consumer debt since it does not know the nature or use of the plaintiff's underlying property.  Defendant denies the remaining allegations contained in this paragraph, if any.**

7.    Pierce & Associates, P.C. files foreclosure actions at the rate of more than 100 per month.

**ANSWER:**    **Defendant admits that it files more than 100 foreclosures per month.  However, defendant denies that the allegations accurately characterize the nature of its practice.**

8.    Defendant Pierce & Associates, P.C. is a "debt collector" as defined in the FDCPA.

6330111v1 7048395

**ANSWER:    Defendant admits that it acts as a "debt collector" as defined by the FDCPA in many instances and for many purposes.   Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of whether it was acting as a "debt collector" as defined by the FDCPA with respect to the plaintiff  since defendant does not know the nature of the use of the property giving rise to the plaintiff's underlying obligation.**

## FACTS

9.      On December 12, 2007, Pierce & Associates, P.C. filed a foreclosure lawsuit against plaintiff in Rock Island, Illinois, entitled "HSBC Bank USA, N.A., as trustee v. Christopher E. Elsey and Rosanna S. Elsey," 07 CH 550.

**ANSWER:    Defendant admits that, on behalf of its client, it filed a case entitled,** *HSBC Bank USA, N.A., as trustee v. Christopher E. Elsey and Rosanna S. Elsey***, Case No. 07 CH 550, in order to enforce its client's rights under a note secured by a mortgage.  Defendant denies the remaining allegations contained in this paragraph, if any.**

10.      The case is still pending and no judgment was entered.

**ANSWER:    Defendant admits the allegations contained in this paragraph.**

11.      The foreclosure lawsuit sought to collect a debt secured by plaintiffs' principal residence and incurred for personal, family or household purposes and not for business purposes.

6330111v1 7048395

**ANSWER:  Defendant admits that the lawsuit sought to enforce a note secured by a mortgage.  Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of the remaining allegations contained in this paragraph since defendant does not know the nature of the use of the property giving rise to the plaintiff's underlying obligation.**

12.    On or about February 11, 2008, an "attorney affidavit" was filed listing service costs at $150.  The "attorney affidavit" was signed by one Susan D. Kozlowski, who identified herself as attorney for the plaintiff. She is in fact an associate at Pierce & Associates, P.C. A copy of the "attorney affidavit" is attached as **Exhibit A**.

**ANSWER:   Defendant admits that Exhibit A purports to be a copy of the "attorney affidavit" that was filed in the underlying case.  Defendant admits the remaining allegations contained in this paragraph.**

13.    The "attorney affidavit" states that "service of summons" was $150.00.

**ANSWER:   Defendant admits that the language quoted in this paragraph accurately restates a portion of the language contained on the certificate attached as Exhibit A.**

14.    The "attorney affidavit" is a template document, prepared by inserting names, dates and numbers into a template.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in this paragraph**

5

since it does not know what the term "template" means as used in this paragraph. **Defendant admits that its "attorney affidavits" generally have a similar format, which includes the applicable names, dates and numbers.**

15.    The "Service of Summons" is part of the template.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in this paragraph since it does not know what the term" template" means as used in this paragraph.**

16.    No public official or private process server received or is owed $150 for services in connection with the foreclosure lawsuit.

**ANSWER:    Defendant denies the allegation contained in this paragraph.**

17.    Illinois Supreme Court Rule 101(d) requires that the officer or other person to whom a summons is given for service return it with "indorsement of service and fees".

**ANSWER:    Defendant denies the allegation contained in this paragraph.**

18.    The summonses in the foreclosure lawsuit were served by Russwurm Services, Ltd., d/b/a DocumentServe Express, a licensed Illinois private investigation service.

**ANSWER:    Upon information and belief, defendant admits the allegation contained in this paragraph.**

6330111v1 7048395

19.    On information and belief no amount was indorsed on the summonses served.

**ANSWER:    Defendant admits there was no indorsement on the summons itself, but denies the implication that such indorsement was required to recover the charge.**

20.    The $150 actually represents the amount of a bill from Provest LLC.

**ANSWER:    Defendant admits that it paid Provest $150.00 for the costs and expenses associated with the service of the Complaint.    Defendant denies the remaining allegations contained in this paragraph, if any.**

21.    Provest LLC describes itself (www.provest.us) as a "process server management company" that "[s]pecializ[es] in loss mitigation, location of mortgage borrowers and foreclosure support" and is a member of the Mortgage Bankers Association, American Legal & Financial Network, and United States Foreclosure Network.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this information since defendant did not create the website referenced in this paragraph.**

22.    The number inserted in the "attorney affidavits" filed by defendant frequently includes the fees of Provest and other companies engaged in similar businesses, and which do not represent fees for the actual service of process by the person or persons engaged in such service.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

6330111v1 7048395

23.     The fees of a company such as Provest are not "service of summons" and are not accurately identified in the "attorney affidavit."

**ANSWER:     Defendant denies the allegations contained in this paragraph.**

24.     Defendant Pierce & Associates, P.C. has regularly caused "attorney affidavits" to be filed in foreclosure proceedings that include as "service of summons" amounts paid to Provest and other companies that do not reflect actual amounts disbursed to persons that serve process.

**ANSWER:     Defendant denies the allegations contained in this paragraph.**

**COUNT I – FDCPA**

25.     Plaintiffs incorporate paragraphs 1-24.

**ANSWER:     Defendant restates incorporates herein all of its responses to paragraphs one through 24 as if fully restated herein.**

26.     By describing and attempting to collect as court costs sums which are not collectible as such, defendant Pierce & Associates, P.C. violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1): [sic]

**ANSWER:     Defendant denies the allegations contained in this paragraph.**

27.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)        The false representation of-**

6330111v1 7048395

**(A)**    the character, amount, or legal status of any debt; or

**(B)**    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .

**(5)**    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

**(10)**    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

<u>**ANSWER:**</u>    Defendant admits that the language in this paragraph accurately restates a portion of the FDCPA. Defendant denies that it violated this, or any section of the FDCPA with respect to its conduct as alleged in the Complaint.

28.    Section 1692f provides:

**§ 1692f.**    **Unfair practices [Section 808 of P.L.]**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)**    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

<u>**ANSWER:**</u>    Defendant admits that the language in this paragraph accurately restates a portion of the FDCPA. Defendant denies that it violated this, or any section of the FDCPA with respect to its conduct as alleged in the Complaint.

6330111v1 7048395

## CLASS ALLEGATIONS

29.     Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

**ANSWER:   Defendant admits that plaintiff's Complaint is purported to be brought on behalf of a class.  Defendant denies a class is appropriate and denies all remaining allegations contained within this paragraph.**

30.     The class consists of (a) all natural persons (b) from whom Pierce & Associates, P.C. attempted to collect (c) through the filing of an "attorney affidavit" or otherwise (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action (e) "service of summons" (f) which included charges for service of process representing amounts paid to Provest or other persons other than the one that actually served process.

**ANSWER:   Defendant admits that plaintiff's Complaint is purported to be brought on behalf of a class.  Defendant denies a class is appropriate and denies all remaining allegations contained within this paragraph.**

31.     The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER:   Defendant admits that plaintiff's Complaint is purported to be brought on behalf of a class.  Defendant denies a class is appropriate and denies all remaining allegations contained within this paragraph.**

32.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual

10

class common questions are:

    a.    Whether defendant engaged in a practice of attempting to collect a court costs amounts charged by Provest and similar companies;

    b.    Whether calling such amounts court costs is a misrepresentation;

    c.    Whether such amounts are unauthorized;

    d.    Whether such practice violates the FDCPA.

**ANSWER:**    **Defendant denies the allegations contained in this paragraph.**

33.    Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    **Defendant denies the allegations contained in this paragraph.**

34.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:**    **Defendant denies the allegations contained in this paragraph.**

35.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Moreover, the essence of the practice complained of is the deception of the consumer, and most consumers will not become aware of the facts.

**ANSWER:**    **Defendant denies the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

For its First Affirmative Defense, defendant states that any violation of the FDCPA, which defendant denies occurred, was not intentional and would have

6330111v1 7048395

resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### Second Affirmative Defense

For its Second Affirmative Defense, defendant states that any recovery to the plaintiff or the putative class, which defendant denies is appropriate, should be set off by the amount that the plaintiff and putative class members owe on the underlying notes and corresponding lawsuits.

### Third Affirmative Defense

For its Third Affirmative Defense, defendant asserts that the plaintiff's claims are barred by the litigation privilege and doctrine of absolute witness immunity.

### Fourth Affirmative Defense

For its Fourth Affirmative Defense, defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses.  Defendant reserves the right to amend its Affirmative Defenses to address those potential defenses.

### Fifth Affirmative Defense

For its Fifth Affirmative Defense, defendant states that that the Speech Clause and the Right to Petition clause the First Amendment preclude the imposition of strict liability under the FDCPA for the content of a civil suit; applying §15 U.S. C. §§1692e and 1692f of the FDCPA to reasonably based pleadings filed in state court would render the FDCPA unconstitutional vague and overbroad as applied under the Petition Clause of the First Amendment, the substantive due process clause of the Fourteenth Amendment, and exceed Congress' authority under the Commerce Clause of Article I of the United States Constitution.

6330111v1 7048395

WHEREFORE, defendant, Pierce & Associates, P.C.., respectfully requests that the Court dismiss the Complaint in its entirety and grant such other and further relief in its favor as the Court deems just and proper

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By:  s/Justin M. Penn
     Justin M. Penn

David M. Schultz
Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

6330111v1 7048395

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on June 18, 2008, Defendant's **Answer and Affirmative Defenses to the Plaintiff's Complaint,** was electronically file using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Justin M. Penn

Justin M. Penn

6330111v1 7048395